**UNITED STATES of America,**
**Appellee,**

v.

**Andre C. SMITH, Defendant–Appellant.**

No. 05–2214.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Michael Farbiarz, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, Peter G. Neiman, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

### SUMMARY ORDER

Andre C. Smith was convicted of illegally reentering the United States after having been deported for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). On a plea of guilty, the district court sentenced Smith to 57 months' imprisonment to be followed by three years' supervised release. Smith appeals his sentence.

■ Smith first argues that the district court committed procedural error by failing to give adequate consideration to the preamble to 18 U.S.C. § 3553(a), which states that a sentence must be "sufficient, but not greater than necessary" to achieve the purposes set forth in the statute. This argument is unpersuasive. The district court properly followed the dictates of *United States v. Crosby*, 397 F.3d 103, 111–13 (2d Cir.2005). The district court calculated the appropriate Guidelines range, gave consideration to the applicable section 3553(a) factors, and decided not to impose a non-Guidelines sentence. The district court's failure explicitly to remark on whether a lesser sentence might be "sufficient" in no way indicated that the court failed to give adequate consideration to the relevant sentencing factors, *see United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005), or misunderstood the advisory nature of the Guidelines.

■ Second, Smith contends that the Guideline sentencing range for the offense of illegal reentry after deportation is generally substantively unreasonable. This contention is without merit. After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court must consider all of the section 3553(a) factors to determine whether a Guidelines sentence is appropriate, or instead whether a non-Guidelines sentence is warranted. But nothing in *Booker* or section 3553(a) suggests that a sentencing court may disregard the Guidelines as a factor in sentencing or determine that the Guidelines range for a specific offense is *per se* unreasonable.

Finally, Smith asserts that his sentence of 57 months' imprisonment is substantively unreasonable. Prior to deportation, Smith was convicted of three serious felony crimes. Moreover, the defendant was only apprehended for the instant offense because he had recently committed crimi-

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

nal trespass. Notwithstanding the seriousness of Smith's criminal history, the district court decided to impose a sentence at the lower end of the Guidelines range, in part because the court credited the defendant's stated reasons for his reentry into the United States. The district court's decision, which considered both the nature and circumstances of the offense and the history and characteristics of the defendant, is not unreasonable.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.